107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Floyd ROBINSON, Plaintiff-Appellant,
v.
George C. WELBORN, Alan L. Frentzel, and Boniface Gross,
Defendants-Appellees.
 No. 95-2725.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 6, 1997.
 
 Before: POSNER, Chief Judge, and KANNE, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Floyd Robinson appeals the district court's grant of summary judgment in favor of defendants Welborn and Frentzel in his civil rights action under 42 U.S.C. § 1983 and the court's denial of his Rule 59 motion for reconsideration. Defendant Gross, also a target of Robinson's § 1983 case, prevailed in a jury verdict. (Although Robinson's notice of appeal indicated that he was appealing the judgment entered in favor of each of the three defendants, his opening brief on appeal does not take issue with the jury's verdict in favor of Gross; he claims that the jury's verdict was erroneous for the first time in his reply brief. As such, he has not properly argued this issue to this court. Fed.R.App.P. 28(a) and (c); Cir.R. 28(f).) We affirm the district court's judgment.
 
 
 2
 Robinson's claims arose out of his incarceration at the Menard Correctional Center, where he was formerly an inmate. Welborn is the Warden and Frentzel is the Assistant Warden of Programs at Menard. Robinson claims that Welborn and Frentzel deprived him of liberty without due process because they placed him in segregation without following the state's administrative rules for subjecting a prisoner to such treatment. Robinson also claims that he was subject to cruel and unusual punishment because the cell he was placed in was filthy and he was denied cleaning supplies. He also claims that during part of the time the cell did not have a working light source and that the defendants refused to furnish him with a new light bulb. The district court granted summary judgment in favor of Welborn and Frentzel on the ground that Robinson had failed to show that they were personally involved in any of the deprivations that he claimed. He also denied Robinson's Rule 59 motion for reconsideration (which mostly reiterated the arguments he had already made to the court). We affirm.
 
 
 3
 A prisoner, in a § 1983 case, may not recover damages from a supervisory official under the doctrine of respondeat superior. Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir.1996). Rather, in order to recover damages "the plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995). However, the plaintiff does not need to show that the supervisor physically undertook the actions that led to the claimed constitutional violation. He may recover damages from an official "if the conduct causing the constitutional violation occurs at [the official's] direction or with [his] knowledge and consent." Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982). Put differently, the official is subject to liability if he knows about, approves, condones or turns a blind eye to the unconstitutional conduct. Gentry, 65 F.3d at 561. The key to recovery is the plaintiff's establishing a causal link between the conduct in question and the party or parties he wishes to hold liable. Id.
 
 
 4
 In the present case, both Welborn and Frentzel presented affidavits that stated that they were respectively the Warden and Assistant Warden of Programs at Menard. (R.21.) Each described the nature of his duties and claimed to have no personal knowledge of the facts alleged in Robinson's complaint. Id. From each affiant's description of his duties (overall administration of the prison in Welborn's case and running the program for resocialization of the inmates in Frentzel's case) it is clear that neither had direct involvment in the acts and omissions of which Robinson complains. The evidence Robinson cites as contradicting the defendants' representations are letters he sent to Welborn and Frentzel regarding his placement in segregation and the absence of a light bulb in his cell. (R.1, Exhibits 1, 2, 4, 12.) Welborn responded by informing Robinson in writing that in regard to his request for a light bulb Welborn would "forward [Robinson's] correspondence to Unit Superintendent Gross for his referral to the Casework Supervisor for handling by your Counselor." (R.1, Exhibit 7.)
 
 
 5
 These correspondences, whereby Robinson notified the defendants of his situation, do not bring Welborn and Frentzel into the zone of liability. That they were informed of the situation (and that Welborn took some action on Robinson's behalf) does not establish that Welborn and Frentzel had personal responsibility for the complained of conduct or that it occurred at either's direction. See Gentry, 65 F.3d at 561. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory ... [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a section 1983 action." Crowder, 687 F.2d at 1006. We therefore conclude that the district court was correct in its holding that Welborn and Frentzel could not be held liable for any of the alleged constitutional violations.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R.34(f)